ORIGINAL

MONROE & ZINDER, P.C.
MATTHEW W. MONROE, ESQ., CSB #147812
JILL ANNE HILLMAN, ESQ., HIB #8283
5933 West Century Boulevard, Suite 800
Los Angeles, California 90045
Telephone: (310) 670-1381
Facsimile: (310) 670-2148

Attorneys for Plaintiff
MARKEL INTERNATIONAL INS. CO., LTD.,
incorporated under the laws of England.



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 23 2008

at ___ o'clock and ___ min. ___ M.
SUE BEITIA, CLERK

LODGED

JAN 18 2008

CLERK, U.S. DISTRICT COURT
DISTRICT OF HAWAII

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MARKEL INTERNATIONAL INS. CO., LTD., incorporated under the laws of England,<br><br>Plaintiff,<br><br>vs.<br><br>SIMPLICITY MARINE PRODUCTS, INC., a Delaware corporation, and JOHN DOES 1-10.<br><br>Defendants. | Civil No.: CV07 00400 SPK KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF MARKEL INTERNATIONAL INSURANCE CO., LTD.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT SIMPLICITY MARINE PRODUCTS, INC.; CERTIFICATE OF SERVICE<br><br>**HEARING:**<br>Date:     Jan. 10, 2008<br>Time:    9:30 a.m.<br>Judge:   Hon. Kevin S.C. Chang |

### FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF MARKEL INTERNATIONAL INSURANCE CO., LTD.'S MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANT SIMPLICITY MARINE PRODUCTS, INC.

On January 10, 2008, this Court heard and determined Plaintiff, Markel

International Insurance Company, Ltd.'s (hereinafter "Subrogee" or "Markel")

Motion for Entry of Default Judgment By Court Against Defendant Simplicity

Marine Products, Inc. ("Defaultee" or "SMD"). There was no opposition to the subject motion. After careful consideration of the motion and supporting documents and argument of counsel, the Court FINDS and RECOMMENDS that Subrogee's Motion be granted.

## FINDINGS OF FACT

### 1. Notice to SMD

On August 31, 2007, the subject Complaint in Subrogation For Damages ("Complaint") was personally served on SMD's President and Registered Agent, William Fowler at SMD's principal place of business at 635 43rd Street Blvd. West, Palmetto, Florida 34221, as evidenced by the Return of Service, previously provided to the Court. SMD did not respond to the Complaint within the time permitted by law.

On September 10, 2007, Subrogee received a letter from SMD's alleged counsel, Mr.William H. Meeks Jr. stating, in part, as follows:

> "While liability of Simplicity Marine Products is disputed, Mr. Fowler advises that the corporation does not have assets and does not have funds to defend the litigation. It is his belief that the corporation would be judgment proof. He also advises that there is no liability insurance to cover the matter. That being said, the corporation has no alternative but to allow default to be taken."

Thereafter, at the request of Subrogee, the Clerk entered Default against SMD on October 11, 2007 due to SMD's failure to appear.

Subrogee then moved for Default Judgment against SMD in the amount of $1,334,353.70 by serving on December 4, 2007, a copy of Plaintiff Markel

International Insurance Co., Ltd.'s Ex-Parte Motion For Leave to File Confidential Documents Under Seal, et al. and Plaintiff Markel International Insurance Co., Ltd.'s Motion For Entry of Default Judgment By Court, et al. Said pleadings were also filed with the Court. Thereafter, on December 12, 2007, the Notice of Hearing Re: Motion for Entry of Default Judgment that was scheduled to be heard on January 10, 2008 was also served on SMD's alleged counsel Attorney William H. Meeks, Jr.

In response to service of these documents, on December 20, 2007, Subrogee received a letter dated December 17, 2007 from William H. Meeks, Jr. advising that he was not the attorney of record for SMD and that he did not represent the company's President, William Fowler. Said letter further advised that Attorney Meeks forwarded any documents that were sent to him by Subrogee's counsel to Mr. Fowler at Mr. Fowler's last known address of 635 Palmetto Point Drive, Palmetto, Fl. 34221. Based upon corporate record filings, SMD's principal address and mailing address is 635 Palmetto Point Drive, Palmetto, Florida, 34221. Corporate records further indicate that the registered agent of SMD is William Fowler, President with an address of 635 43rd Street Blvd. West, Palmetto, Fl. 34221. At no time has SMD appeared in this action.

### 2. The Settlement Amount Was Fair and Reasonable

The Default Judgment in the amount of $1,334,353.70 represents amounts paid by Subrogee to defend and settle all assumpsit and tort claims against its Insureds, under a liability insurance policy issued by Subrogee ("underlying

3

litigation"). The underlying litigation arose out of a parasail incident that occurred when the parasail vessel's propulsion drive which was designed and manufactured by Defaultee inflicted extremely serious, permanent and disfiguring injuries to the Plaintiff, a 14 year old former high school cheerleader from a military family in South Carolina. Plaintiffs in the underlying litigation retained the largest high profile personal injury law firm in Hawaii which made a multimillion dollar demand, exposing Defendants to the possibility of damages in excess of the limits of the Insurance Policy.

Subrogee vigorously contested liability in the underlying litigation, which included the retention of several nationally renowned experts specializing in naval architecture, accident reconstruction, biomechanics, and mechanical engineering, to inspect the vessel, conduct tests, prepare reports and testify regarding liability and causation issues. As a direct result of Subrogee's vigorous defense of its Insureds in the underlying litigation, Subrogee obtained a fair and reasonable settlement amount which was also approved by a federal mediator with the Ninth Circuit.

Pursuant to the Insured's' confidential agreement which was part of the settlement agreement, the breakdown of the settlement and defense payments that were incurred in the underlying litigation have been identified and supported by evidence previously submitted to the court under seal.

3. <u>**Subrogee is Entitled to Recover Reasonable Defense Costs**</u>

In connection with the underlying litigation, Subrogee is subrogated to all of the rights of its Insureds. An insurer may recover attorney's fees in a subrogation action "where the insured would have been entitled to attorney's fees if it had prosecuted the suit." *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1800. See also *Reliance Ins. Co. v. Doctors Co.* (D. Haw. 2003) 299 F.Supp.2d 1131, 1152 (awarding attorney's fees in subrogation action).

Subrogee paid defense costs and settlement payments to settle all claims by and against its Insureds arising out of the accident, including breach of contract and breach of warranty claims. Substantial attorney's fees and costs were expended relating to Subrogee's third-party complaint against Defaultee's distributor for breach of contract/warranty and products liability.

Subrogee's expenditure of attorney's fees and costs were necessary in order to defend its Insureds, as well as prove the Insureds' affirmative claims for breach of contract/warranty. Since the breach of contract/warranty claims sound in assumpsit, Defaultee is liable for the a portion of the fees and costs expended by Subrogee in connection with the underlying litigation in defending the Insureds and prosecuting the third-party complaint.

The settlement amount and attorneys fees and costs which were incurred in the underlying litigation by Subrogee on behalf of its Insureds, and which total $1,334,353.70 were reasonable and necessary.

Subrogee is entitled to the costs (including expert witness costs) it incurred in the underlying litigation. See *HRS* 607-9; *Kamula v. ParEn, Inc.* (2006) 110 Hawai'i 269. See *HRS* § 607-14 (authorizing recovery of attorney's fees when provided for by contract); *Weinberb v. Mauch*, 78 Hawai'i 40, 53 (1995). Specifically, *HRS* § 607-14 states in part that, "The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this sum shall not exceed twenty-five percent of the judgment".

## RECOMMENDATION

For the reasons stated above, the Court RECOMMENDS that Subrogee, Markel International Insurance Company, Ltd.'s Motion for entry of default judgment against Defaultee, Simplicity Marine Products, Inc. be GRANTED and that judgment be entered against Defaultee in the amount of Eight Hundred Twelve Thousand Five Hundred Dollars ($812,500.00), with interest thereon pursuant to 28 *U.S.C.A.* §1961.

**IT IS SO FOUND AND RECOMMENDED**

Dated: Honolulu, Hawaii  Jan 22 , 2008.

Kevin S.C. Chang
United States Magistrate Judge

6

MONROE & ZINDER, P.C.
MATTHEW W. MONROE, ESQ., CSB #147812
JILL ANNE HILLMAN, ESQ., HIB #8283
5933 West Century Boulevard, Suite 800
Los Angeles, California 90045
Telephone: (310) 670-1381
Facsimile: (310) 670-2148

Attorneys for Plaintiff
MARKEL INTERNATIONAL INS. CO., LTD.,
incorporated under the laws of England.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| MARKEL INTERNATIONAL INS. CO., LTD., incorporated under the laws of England,<br><br>  Plaintiff,<br><br>vs.<br><br>SIMPLICITY MARINE PRODUCTS, INC., a Delaware corporation, and JOHN DOES 1-10.<br><br>  Defendants. | Civil No.: CV07 00400 SPK KSC<br><br>CERTIFICATE OF SERVICE |
|---|---|

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was duly served upon the following counsel by way of [ ] facsimile; or [ ] hand delivery; or by [ x ] depositing in the U.S. Mail, postage prepaid, addressed as follows on January 17, 2008:

7

William Fowler, President
Simplicity Marine Products, Inc.
635 Palmetto Point Drive
Palmetto, Fl. 34221

DATED: Los Angeles, California, January 17, 2008

_____
MATTHEW W. MONROE
JILL ANNE HILLMAN
Attorneys for Plaintiff,
MARKEL INTERNATIONAL
INSURANCE COMPANY, LTD.